Massachusetts    ss.    District: United States
                        Prisoner No: 29005   Case No.
                        001044 B/ 00532H01

Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside,
or Correct Sentence By a Person in Federal Custody

United States of America
v.
Aldo Ray Chantileu

(1) Now comes the defendant                  pro se in the above
In titled Matter, In Pursuant to Mass. Gen. Laws Rule 30.
And Respondent Respectfully Moves this Honorable Court to all this
defendants Motion to Vacate, And Set Aside, or Correct Sentence.

United States of America v.
Taylor, 11, Fed 149, 152 (11th Cir. 1994)

Massachusetts SS.    District: United States
Prisoner No: 29025  Case No:
0d0448100532Mol

United States of America
v

Affidavit: In Support of defendants Motion to Vacate, And Withdraw his Guilty Plea.

Now Comes the defendant                     proi:se In Support of Defendant Motion to Vacate, And Withdraw his Guilty Plea. As Reasons here-in this Defendant States the following

(1) Defendant                  proi:se In Facts the defendant Mentioned In the above Captioned Matter.

(2) Defendants is in fact Presently held at the Plymouth County Correctional Facility.

(3) Defendants did in fact on the date of _____ Enter a Guilty Plea.

(4) Defendants was in fact Co-horst into pleading Guilty by his Attorney.

(5) Defendants was in fact Unware of the Nature of the Charge In which he Pledd Guilty.

(6) Defendants did not understand the true Nature of his Guilty Plead.

(7) Defendants Plea was Not Made Intelligently, Nor Voluntarly. The Judge failed to determine the lack of understanding as to the defendants Guilty Plea.

# Table of Contents.

(1) Table of Authorities
Issues Presented
Statement of the Case
Statement of the Facts.

## Arguments of Case

(1) The Court Should permit this defendants Motion to Vacate and Withdraw his Guilty Plea, Because this defendant was never Completely Informed of the Elements of the Crime and could not Therefore Make a knowing, Intelligent, Willing, and Voluntary plea to Such Charge.

(2) The defendant's Consitutional right to Effective assistance of Counsel who did not Explain the Elements of the Charge, was In fact Breached Counsel had Infact Co-horst Defendant by Certain Jestures when Defendant didn't understand Certain Question asked by the Judge Taken this defendants Guilty Plea, defendants Attorney did not properly Pre-pare for trial, In a Manner that was not Straight Forward or Honest In this defendants Best Intrest's.

3 Justice is not done, And therefore warrent for Defendant withdraw Where as defendant plead Guilty without a true understanding of the proceedings as a Matter of Consitutional due process, A Guilty Plea... Must later be Set Aside unless record Shows Affirmatively that the defendant Entered the Plea freely and Understandingly.

## CONCLUSIONS

(A) Given the unexplain' Elements, And their Complex Nature, Given that defence Counsel did not testify that he had gone Over the Elements with this defendant, Given the facts of this Case. This defendant Can not be said to have been properly Informed of the Elements or to have Knowing Intelligent, and Voluntary Plea Guilty.
Given the fact that defendant Knew only what his Attorney Co-Horst him Into doing by Pre-Arranged Signal.
Given the facts as a Result of this defendant's lack of Understanding the Plea Proceeding,
Defendants Motion to Vacate, And Set aside or Correct Sentence Should be Allowed.

(1) Record of Appendix: 00104481 00532M01

(2) Docket Entry Numbers: 00104481 00532M01

(3) Indictment Numbers: 00104481 00532M01


Defendants Motion to Vacate and Set aside, or Correct Sentence
Affidavit In Support of Motion to Vacate and Set aside, or Correct Sentence.
Affidavit of Indigency, and Request for Waiver
   Motion to Appoint Counsel

# Table of Authorities

United States of America v. Gigot
147 F.3d 1193, 1197 (10th Cir. 1998)

United States of America v. Brewster
137 F.3d 853, 857, (5th Cir.)

United States of America v. Siegel
102 F.3d, 481 (11th Cir. 1996)

United States of America v. Taylor
11 F.3d 149, 152, (11th Cir 1994)

United States of America v. Mandello
927 F.2d 1463, 1467 (9th Cir. 1991)

## Issues Presented

(1) The Standard:
A Post Sentence, Motion to Vacate and Set aside or Correct Sentence, is treated as a Motion for a New Trial Pursuant to R. Crim P. 35.

(2) It Should be granted if it appears that Justice was Not Properly done.

(3) Justice is Note done and Motion to Vacate and Set aside or Correct Sentence, is therefore warranted, where a Defendant Pleads Guilty without an understanding of the Proceedings; As a Matter of Constitutional due process.

(4) A defendants Plea is not Entered into freely and understandingly unless he Comprehends the nature of the Crime to which He is Pleading Guilty

(5) If the defendant is Ignorant of a Critical Element of an Offense, his Plea of Guilty to that offense Can not Serve as An Intelligent admission of Guilty.

## Post Conviction Remedies for Alien Prisoners

(11) The unknowing aliens Prisoner May Find himself faced with the double punishment of Serving his Criminal Sentence And deportation. Because the Immigration Consequences of a Criminal Conviction Can be quite Severe, the Court And legislatuers in Several States have provided the alien Defendant with Some new grounds for Possible Post Conviction Relief, in Certain States, California, Connecticut, Massachusetta Oregon, Washington. Defendant who Plead guilty unaware of the Immigration Consequences of his/her Plea May now Be able to have his/her guilty Plea set aside on that Ground.

Washington, have enacted Statues which require the Court to Inform the defendant of the Possible deportation Consequences of a guilty Plea, if the Court does not follow this Procedures in these States it May Render the guilty Plea Invalid and Subject to a Motion to Vacate.

Respectful Submitted
Roo Rey Chandler

Date 3/17/04