IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| v. | NO. 04-10590-REK |
| ALDO RAY CHANTILOU | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

The United States of America, by Michael J. Sullivan, United States Attorney, and Nadine Pellegrini, Assistant United States Attorney for the District of Massachusetts, files this Government's Opposition to Defendant's Motion to Vacate, Set Aside or Correct Sentence as follows:

1. Defendant is not entitled to relief

A. Defendant is not in custody under the order of a court for the conviction which he is now attempting to vacate.

B. The time period for the filing of the 28 U.S.C. §2255 petition has expired.

**Background**

On January 18, 2001, Defendant Raymond Chantilou ("Chantilou) waived indictment and entered a plea of guilty to a one count Information charging him with a violation of 18 U.S.C. § 1546.[1] D. 12. There was a plea agreement between the parties

---

[1] The citation "[D._]" refers to a docket entry.

which was provided to the court at the time of the plea.[2] D. 12. On March 29, 2001, the district court sentenced Chantilou to a period of 5 months and four days in the custody of the Bureau of Prisons, time served to apply. See Judgement and Conviction, dated March 29, 2001, attached hereto. The defendant had been in custody since October 26, 2000, and the five months and four day sentence was subsumed by the period of incarceration already served. The court further sentenced the defendant to a period of twenty four months supervised release. The Defendant was advised of his right to appeal but did not file a notice of appeal within the applicable time period. D. 14, 15.

On February 23, 2003, the Defendant was sentenced to an additional eight months incarceration on a violation of supervised release. D. 25. No further period of supervised release was imposed. See Judgement and Conviction, dated March 5, 2003, attached hereto; D. 26. The eight month sentence terminated in November of 2003.

Since that time, according to the Plymouth House of Correction, Chantilou has been held in custody on an administrative immigration detainer. However, he is not in custody on the underlying conviction nor is he subject to any undischarged portion of a sentence imposed by the court.

---

[2] Pursuant to the plea agreement, the Defendant was advised that he might be deportable and/or excludable as a result of his conviction. See copy of Plea Agreement, attached hereto.

## I. DEFENDANT MUST BE IN CUSTODY

Section 2255 applies only where a federal prisoner is "in custody under sentence of a court established by Act of Congress." 28 U.S.C. §2255, see Rule 1 of the Rules Government Section 2255 proceedings for United States District Court. The defendant must be in custody under the sentence at the time he files the application. If a sentence is fully expired, the prison is not in custody. <u>Smullen v. United States</u>, 94 F.3d 20, 22 n.1 (1st Cir. 1996).

While Chantilou is currently in custody, he is held pursuant to administrative authority granted to the Department of Homeland Security, Immigration and Customs Enforcement. Chantilou is not under the sentence of a court established by Congress and his sentence has fully expired.

Therefore, the defendant fails to meet the threshold requirement for the filing of a petition pursuant to 28 U.S.C. §2255.

## II. THE ONE-YEAR LIMITATION PERIOD FOR FILING PETITIONS UNDER 2255 EXPIRED WELL BEFORE DEFENDANT FILED HIS § 2255 PETITION IN THE DISTRICT COURT.

Section 2255 of Title 28 permits a prisoner in custody to move to vacate, set aside or correct his or her sentence. 28 U.S.C. § 2255. However, such a motion cannot be filed at any

time. In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, which created a one-year period of limitation that applies to § 2255 petitions. This one-year period begins to run on "the date on which the judgment of conviction becomes final."[3] 28 U.S.C. § 2255.

In another context, the Supreme Court has defined the meaning of "final" as when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." Griffith v. Kentucky, 479 U.S. 314, 320 (1987). Some courts have adopted a similar definition for assessing the finality of unappealed convictions when determining the starting point for the one-year limitation period for § 2255 petitions. For example, the Third Circuit has stated that:

> If a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations begins to run, on the date on which the time for filing an appeal expired.

United States v. Kapral, 166 F.3d 565, 577 (3d Cir. 1999); see also Adams v. United States, 173 F.3d 1339, 1342 n.2 (11th Cir. 1999). The Fourth Circuit has taken a stricter view and stated

---

[3] Section 2255 states that the period runs from the latest of four different events. None of the other events is relevant here.

4

that an unappealed conviction becomes final on the date the judgment of conviction is entered by the district court. <u>United States v. Sanders</u>, 247 F.3d 139, 142 (4th Cir. 2001).

A defendant must file an appeal within 10 days of the entry of the judgment in a criminal case. Fed. R. App. P. 4(b)(1)(A)(i). In this case, the judgment was entered on March 29, 2001. Thus, Chantilou's notice of appeal should have been filed by April 7, 2001. He failed to file a notice of appeal by that day. Even under the more lenient <u>Kapral</u> standard, the expiration of the period for filing the notice of appeal made the judgment final and triggered the one-year period of limitations for filing a § 2255 petition. <u>Kapral</u>, 166 F.3d at 577.

Chantilou did not file his § 2255 petition within one year of April 7, 2001. Rather, he delayed filing his § 2255 petition until May 17, 2004 -- more than three years after his sentencing. Because the § 2255 petition was filed well outside the one-year limitation period, this court must dismiss Chantilou's petition as untimely. While the enforcement of such a rule regarding timeliness may sometimes appear harsh, it is necessary for the administration of justice. See <u>Carlisle v. United States</u>, 517 U.S. 416, 430 (1996) ("regardless of where the cutoff line is set, some individuals will always fall just on the other side of it") (quoting <u>United States v. Locke</u>, 471 U.S. 84, 101 (1985)).

A motion is generally moot when it no longer presents a case

5

or controversy under Article III, § 2 of the Constitution, or in other words, when the parties no longer have a personal stake in the outcome of the lawsuit. See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Cruz v. Farquharson, 252 F.3d 530, 533 (1st Cir. 2001).

## III. CONCLUSION

Because the Petitioner's § 2255 motion is does not meet the procedural requirements and is untimely, the government respectfully requests that this court summarily dismiss the motion.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Nadine Pellegrini
Nadine Pellegrini
Assistant U.S. Attorney

### CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Aldo Ray Chantilou, Pro Se
Plymouth House of Correction
26 Long Pond Road
Plymouth, MA 02360

This 14th day of July, 2004.

/s/ Nadine Pellegrini
NADINE PELLEGRINI
ASSISTANT U.S. ATTORNEY



**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*1 Courthouse Way, Suite 9200*
*Boston, Massachusetts 02210*


November 2, 2000

Rudolph F. Miller, Esq.
555 Amory Street
Jamaica Plain, MA 02130

Re: <u>United States v. Raymond Chantilou a/k/a Daniel Day Lewis</u>
    Criminal Complaint No. 00-M-0532-RBC

Dear Mr. Miller:

   This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Raymond Chantilou ("Defendant"), in the above-captioned case. The Agreement is as follows:

   1.   <u>Change of Plea</u>

   At the earliest practicable date but in no event later than November 20, 2000, Defendant shall plead guilty to a one count Information to be filed in this matter. A copy of the Information is attached hereto. Defendant expressly and unequivocally admits that he in fact knowingly, intentionally and willfully committed the crime charged in the Information, and is in fact guilty of that offense.

   2.   <u>Penalties</u>

   Defendant faces the following maximum penalties: a term of 10 years imprisonment, a fine of up to $250,000, three years of supervised release and a mandatory special assessment of $100.

Defendant may also be deportable and/or excludable by the United States Immigration and Naturalization Service as a consequence of his conviction of the offense to which he is pleading guilty.

3.  Sentencing Guidelines

The U.S. Attorney will take the position that pursuant to U.S.S.G. §2L2.2(a), as effective at the time of the offense conduct, defendant's base offense level should be 8.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. §3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. §3E1.1 if, at any time between his execution of this Agreement and sentencing, Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit his conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about his true name and identity;

(e) Refuses to be interviewed by INS prior to his plea in this case, or fails to provide truthful information to INS about his immigration status;

(f) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(g) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(h) Intentionally fails to appear in Court or violates any condition of release;

(i) Commits a crime;

(j) Transfers any asset protected under any provision of this Agreement; and/or

(k) Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

The U.S. Attorney reserves the right to argue, if the true facts of Defendant's personal history hereafter establish a prior deportation or immigration/naturalization offense conviction, that an enhancement to Defendant's BOL is applicable under U.S.S.G. §2L2.2(b)(1) and (2).

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence before the District Court:

a) low-end of the applicable guideline sentencing range, or time served, whichever is greater;

b) no fine;

c) no restitution;

d) mandatory special assessment of $100;

f) two years supervised release.

The U.S. Attorney and Defendant agree that there is no basis for a departure from the sentencing range established by the United States Sentencing Guidelines. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines.

3

5.  Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.  Court Not Bound By Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(e)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing Court's calculations and sentence in any subsequent appeal or collateral challenge.

7.  Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in paragraph one of this Agreement.

8.  Rejection of Plea By Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

9.  Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime

4

following his execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may have been made by him, and any information, materials, documents or objects provided by him to the government pursuant to this without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have under any statute of limitations or the Speedy Trial Act.

10.  Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

11.  Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Nadine Pellegrini.

Very truly yours,

DONALD K. STERN
United States Attorney

By: *[signature]*
JAMES B. FARMER
Assistant U.S. Attorney
Chief,
Criminal Division

STEPHEN P. HEYMANN
Assistant U.S. Attorney
Deputy Chief,
Criminal Division

Nadine Pellegrini
Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter **or** I have had this letter read to me in my native language in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement

6

and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Raymond Chantilou
Defendant

Date: 12/7/00

I certify that Raymond Chantilou has read this Agreement **or** has had this Agreement read to him/her in his/her native language and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Rudolph Miller, Esq.
Attorney for Defendant

Date: 12/7/00

7

AO 245B (Rev. 8/96) Sheet 1 - Judgment in a Criminal Case

# United States District Court

## District of Massachusetts

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
| --- | --- |
| v. | (For Offenses Committed On or After November 1, 1987) |
| RAYMOND CHANTILOU | Case Number: 1:00CR10448-001 |
| | Rudolph Miller, Esq. |
| | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
| --- | --- | --- | --- |
| 18 U.S.C. § 1542 | Passport Fraud. | 01/26/2000 | 1 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.: 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

Defendant's Date of Birth: 01/06/1959

Defendant's USM No.: 23376-038

Defendant's Residence Address:

89 West Ashland Street

Brockton    MA    02301

Defendant's Mailing Address:

89 West Ashland Street

Brockton    MA    02301

03/29/2001
Date of Imposition of Judgment

/s/ Robert E. Keeton
Signature of Judicial Officer

Robert E. Keeton
United States District Judge
Name & Title of Judicial Officer

3/29/01
Date

DOCKETED

(15)

Judgment-Page 2 of 7

DEFENDANT: RAYMOND CHANTILOU
CASE NUMBER: 1:00CR10448-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ____time served____.

**On Count One: 5 months and 4 days in custody of Bureau of Prisons, being time served to date. Finding: In custody October 26, 2000 to present (5 months and 4 days).**

☐ The court makes the following recommendations to the Bureau of Prisons:

☐ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at _____ a.m./p.m. on _____.

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on _____.

  ☐ as notified by the United States Marshal.

  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT: RAYMOND CHANTILOU
CASE NUMBER: 1:00CR10448-001

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of    24    month(s) .

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[X] The defendant shall not possess a firearm as defined in 18 U.S.C. § 921. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).
See Special Conditions of Supervision - Page   4

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Judgment-Page __4__ of __7__

DEFENDANT:     RAYMOND CHANTILOU
CASE NUMBER:   1:00CR10448-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is prohibited from possessing a firearm or other dangerous weapon.

2. The defendant is to pay the balance of the fine according to a court-ordered repayment schedule.

3. The defendant is prohibited from incurring new credit charges or opening additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the payment schedule.

4. The defendant is to provide the probation officer access to any requested financial information.

5. If ordered deported, the defendant is to leave the United States and is not to return without prior permission of the United States Attorney General.

6. If ordered deported and actually deported, no reporting to the Probation Office by defendant and no supervision by the Probation Office will be required during the period when the defendant is outside the United States.

AO 245B (Rev. 8/96) Sheet 5, Part A - Criminal Monetary Penalties

Judgment-Page __5__ of __7__

DEFENDANT: **RAYMOND CHANTILOU**
CASE NUMBER: **1:00CR10448-001**

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | <u>Assessment</u> | <u>Fine</u> | <u>Restitution</u> |
|---|---|---|---|
| Totals: | $ 100.00 | $ 500.00 | $ |

[ ] If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . .  $ _____

# FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ _____ .

The defendant shall pay interest on any fine of more than $2,500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[X] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  [X] The interest requirement is waived.

  [ ] The interest requirement is modified as follows:

# RESTITUTION

[ ] The determination of restitution is deferred until _____ . An Amended Judgment in a Criminal Case will be entered after such a determination.

[ ] The defendant shall make restitution to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below.

| Name of Payee | * Total <u>Amount of Loss</u> | Amount of <u>Restitution Ordered</u> | Priority Order or Percentage <u>of Payment</u> |
|---|---|---|---|
|  |  |  |  |
| <u>Totals:</u> | $ _____ | $ _____ | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 8/96) Sheet 5, Part B - Criminal Monetary Penalties

Judgment-Page __6__ of __7__

DEFENDANT: **RAYMOND CHANTILOU**
CASE NUMBER: **1:00CR10448-001**

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.

Payment of the total fine and other criminal monetary penalties shall be due as follows:

A  ☒  in full immediately; or

B  ☐  $ _____ immediately, balance due (in accordance with C, D, or E); or

C  ☐  not later than _____; or

D  ☐  in installments to commence _____ day(s) after the date of this judgment. In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due, and shall request the court to establish a payment schedule if appropriate; or

E  ☐  in _____ (e.g. equal, weekly, monthly, quarterly) installments of $ _____ over a period of _____ year(s) to commence _____ day(s) after the date of this judgment.

The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

Special instructions regarding the payment of criminal monetary penalties:

**Fine to be paid according to court-ordered repayment plan.**

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall forfeit the defendant's interest in the following property to the United States:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program are to be made as directed by the court, the probation officer, or the United States attorney.

DEFENDANT:     RAYMOND CHANTILOU
CASE NUMBER:   1:00CR10448-001

# STATEMENT OF REASONS

[x] The court adopts the factual findings and guideline application in the presentence report.

**OR**

[ ] The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):


**Guideline Range Determined by the Court:**

Total Offense Level:        6

Criminal History Category:        II

Imprisonment Range:   1-7 months

Supervised Release Range:   24-36 months

Fine Range:  $ ____500.00____ to $ ____5,000.00____

  [ ] Fine waived or below the guideline range because of inability to pay.

Total Amount of Restitution: $ _____

  [ ] Restitution is not ordered because the complication and prolongation of the sentencing process resulting from the fashioning of a restitution order outweighs the need to provide restitution to any victims, pursuant to 18 U.S.C. § 3663(d).

  [ ] For offenses committed on or after September 13, 1994 but before April 23, 1996 that require the total amount of loss to be stated, pursuant to Chapters 109A, 110, 110A, and 113A of Title 18, restitution is not ordered because the economic circumstances of the defendant do not allow for the payment of any amount of a restitution order, and do not allow for the payment of any or some portion of a restitution order in the foreseeable future under any reasonable schedule of payments.

  [ ] Partial restitution is ordered for the following reason(s):


[x] The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by the application of the guidelines.

**OR**

[ ] The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):


**OR**

[ ] The sentence departs from the guideline range:

  [ ] upon motion of the government, as a result of defendant's substantial assistance.

  [ ] for the following specific reason(s):