UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
ALDO RAY CHANTILOU,                 )
    Petitioner                      )
                                    )
    v.                              )     CIVIL ACTION
                                    )     NO. 04-10590-REK
UNITED STATES OF AMERICA,           )
    Respondent                      )
_____ )

**Memorandum and Order**
November 24, 2004

### I.  Pending Matters

Pending for decision are matters related to the following filings:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) (filed March 25, 2004); and

(2) Government's Opposition to Defendant's Motion to Vacate, Set Aside or Correct Sentence (Docket No. 3) (filed July 14, 2004).

### II. Factual and Procedural Background

On January 18, 2001, petitioner Aldo Ray Chantilou waived indictment and pleaded guilty to a one-count information charging him with a violation of 18 U.S.C. § 1546, passport fraud. On March 29, 2001, this court sentenced Chantilou to 5 months and 4 days imprisonment, time served, and 24 months of supervised release. On February 13, 2003, Chantilou admitted guilt to four violations of the conditions of his supervised release: failure to report and submit truthful reports, failure to notify change of residence, failure to pay fine, and

leaving the judicial district without permission of court. Upon that admission of guilt, this court imposed a sentence of 8 months imprisonment on March 5, 2003.

The sentence was completed in November 2003, and since then Chantilou has been held in custody on an administrative immigration detainer. On March 25, 2004, Chantilou filed a motion to vacate, set aside, or correct the sentence imposed by this court, pursuant to 28 U.S.C. § 2255. I ordered a response from the United States on May 17, 2004. The government responded on July 14, 2004. The government asked this court to "summarily dismiss" the petition on the grounds that it was untimely and defective on its face.

### III. Discussion

**A. Motion to Appoint Counsel**

Before reaching the merits of the government's opposition, I must consider whether to appoint counsel for petitioner. On page 3 of petitioner's handwritten motion, he writes, "Affidavit of Indigency, and Request for Waiver" and "Motion to Appoint Counsel." He has not filed any evidence of his indigency, nor has he stated his reasons for needing an appointment of counsel. These statements do not appear to be a reference to the previous criminal proceedings because no such motion was made and Chantilou was, in fact, represented by counsel during those proceedings. Construing a pro se litigant's filings liberally, I treat these two statements as a motion to appoint counsel.

"A convicted criminal has no constitutional right to counsel with respect to habeas proceedings." Ellis v. United States, 313 F.3d 636, 652 (1st Cir. 2002) (citing Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)). Under certain, "rare" circumstances, the appointment of

counsel for a § 2255 proceeding is warranted under 18 U.S.C. § 3006A(a)(2)(B). See United States v. Mala, 7 F.3d 1058, 1064 (1st Cir. 1993); Ellis, 313 F.3d at 653 n.10; United States v. Garcia-Rodriguez, 215 F.3d 1312 (Table) (1st Cir. 2000). Under Mala, four conditions must be met: (1) petitioner must show a "fair likelihood of success on the constitutional claim," (2) the claim is "factually complex and legally intricate," (3) the facts are "largely undeveloped," and (4) the petitioner is "severely hampered in his ability to investigate" due to indigence and incarceration. 7 F.3d at 1063-64.

On the record before me, I cannot decide whether those four conditions have been met. Although petitioner's filings refer to an "Affidavit of Indigency," an affidavit with such a caption is not part of the file. Petitioner has not filed a statement of facts regarding his indigency. Therefore, I cannot decide whether Chantilou is, in fact, indigent and should have counsel appointed for him. The other conditions require analysis of petitioner's legal claim. For reasons that I will discuss in Part III.B, below, consideration of that legal claim is foreclosed. Should the petitioner re-file in a manner consistent with this Memorandum and Order, however, if he seeks appointed counsel he must demonstrate that all four conditions are satisfied, supplying supporting facts through an appropriate affidavit.

Accordingly, Chantilou's motion for appointment of counsel is denied without prejudice.

**B. Government's Opposition**

The government seeks dismissal of Chantilou's petition on two grounds: first, that

Chantilou cannot receive relief under § 2255 because he is not "in custody" under a sentence from this court; and second, that his claim is time-barred.

Relief may be sought under § 2255 only by a "prisoner in custody under sentence of a court established by Act of Congress . . . ." 28 U.S.C. § 2255. The "in custody" requirement is determined at the time of filing the petition. Maleng v. Cook, 490 U.S. 488 (1989); Fernos-Lopez v. Figarella Lopez, 929 F.2d 20, 23 (1st Cir. 1991). A person who is subject to continuing restraints on liberty as a consequence of the sentence satisfies the "in custody" requirement even if they are no longer in physical confinement. Carafas v. LaVallee, 391 U.S. 234, 239 (1968). Thus, a person who continues to suffer from serious "collateral consequences," such as "inability to vote, engage in certain businesses, hold public office, or serve as a juror," as a result of a sentence from the convicting court may seek habeas corpus relief. Maleng, 490 U.S. at 491. Once the restrictions as a result of the sentence "fully expire," however, this court is without jurisdiction over a § 2255 petition. Id. at 492. During Chantilou's period of supervised release, he was subject to various restraints on his liberty, but these restraints ended at the end of that period. In his sentence of imprisonment for violation of the terms of his supervised release, the sentence specified that "[n]o further term of supervision is imposed." (Judgment, No. 00-CR-10448-REK, Docket No. 32, at 2) After his sentence of 8 months in prison was served, he was no longer subject to any restraints due to a sentence of this court. Therefore, I conclude that he was no longer "in custody" for the purposes of § 2255, and I have no jurisdiction over such a petition.

Given my conclusion with respect to subject matter jurisdiction, I do not consider whether his petition would also be time-barred.

I am aware of one decision, by the Court of Appeals for the Eighth Circuit, which said that district courts *should* treat petitions under § 2255 by detainees of the Immigration and Naturalization Service (or its successor agency within the Department of Homeland Security) as petitions for a writ of error coram nobis. See Kandiel v. United States, 964 F.2d 794, 796 (8th Cir. 1992) ("[Petitioner] next argues that if relief under section 2255 was not available to him, the district court should have treated his motion as one for the writ of error coram nobis and granted him relief. We agree to the extent that the district court should have considered whether coram nobis relief was proper." (citations omitted)); accord Neyor v. Immigration and Naturalization Service, 155 F. Supp. 2d 127, 136 (D.N.J. 2002). The writ of error coram nobis "is an 'extraordinary remedy' allowed 'only under circumstances compelling such action to achieve justice.'" United States v. Sawyer, 239 F.3d 31, 37 (1st Cir. 2001). "In its more modern usage, the writ was available in criminal cases 'whether the error was in fact or law,' but applied 'only to that very small number of legal questions which concerned the regularity of the proceeding itself.'" Id. (quoting United States v. Mayer, 235 U.S. 55, 68 (1914)). "In deciding whether to grant the writ, courts have used a three-part test: a petitioner must 1) explain her failure to seek relief from judgment earlier, 2) demonstrate continuing collateral consequences from the conviction, and 3) prove that the error is fundamental to the validity of the judgment." Sawyer, 239 F.3d at 38. The writ of error coram nobis, unlike a § 2255 petition, is available to a person who is no longer "in custody." See id. at 37; see also Kandiel, 964 F.2d at 796; Neyor, 155 F. Supp. 2d at 136. The district court in Neyor also analyzed the petition to determine whether relief was available under § 2241. See id. at 137.

In this case, however, I feel constrained not to construe petitioner's § 2255 motion as either a petition for writ of error coram nobis or as a petition for relief under § 2241, but rather to dismiss the motion without prejudice to re-filing the petition under either of those theories. I decline to take the approach of the Eighth Circuit in <u>Kandiel</u> or the district court in <u>Neyor</u> because of my concern for asserting the subject matter jurisdiction of this court when it has not been properly invoked from the beginning. I note that other district courts have cited <u>Kandiel</u> for the proposition that the § 2255 petition was not available when a person is in administrative custody on an immigration detainer following expiration of a criminal sentence, but have not followed <u>Kandiel</u> or <u>Neyor</u> in construing the § 2255 petition as a writ of error coram nobis. See <u>Adegbuji</u> v. <u>United States</u>, 2003 WL 21961122, *3 (S.D.N.Y., Aug. 18, 2003) (dismissing petition for lack of jurisdiction); <u>Chukwura</u> v. <u>United States</u>, 813 F. Supp. 161 (E.D.N.Y. 1993) (dismissing § 2255 petition and declining to address § 2241 claim because filed in the incorrect district). I note further that the writ of error coram nobis is an "extraordinary remedy" with different legal standards than the § 2255 petition and Chantilou will have to decide whether he wants to bring suit under that theory, under § 2241, under both, or under neither. Because I have decided that I do not have subject matter jurisdiction to hear the § 2255 petition, it must be Chantilou's decision whether to attempt to invoke this court's or any other court's jurisdiction for another claim.

**ORDER**

For the foregoing reasons, it is ORDERED:

(1) Petitioner's Motion to Appoint Counsel is DENIED WITHOUT PREJUDICE.

(2) The Clerk is directed to issue forthwith a Final Judgment as follows:

    The Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Docket No. 1) is dismissed without prejudice to filing an appropriately supported petition for writ of error coram nobis or § 2241 petition.

                                              /s/Robert E. Keeton
                                                Robert E. Keeton
                                          Senior United States District Judge